936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Alexander LOVE, Plaintiff-Appellant,
v.
H.B. WALKER, C. Richardson, Donald S. Mobley, W.P. Hilleaid,
Harry J. Carter, Ronald Pasquerette, E.C. Conn,
II, Michael Thumm, Annie Dodson, Raymond
Hayes, D. Jones, Defendants-Appellees.
 No. 90-7154.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1991.
Decided June 28, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-88-418-CRT-DE)
 Thomas Alexander Love, appellant pro se.
 Lucien Capone, III, Assistant Attorney General, Ronna Dawn Gibbs, North Carolina Department of Justice, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas Alexander Love appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Love alleged various constitutional violations arising out of his incarceration. The district court's dismissal of all these claims except the deliberate indifference to serious medical needs (inadequate exercise and improper diet) was proper.
 
 
 2
 The district court correctly directed the verdict for the defendants on Love's claim that he was denied adequate exercise. See Beaty v. Seaboard Air Line R. Co., 400 F.2d 96 (4th Cir.1968). Although Love was assigned to work in the law library from 8 a.m. to 4 p.m., seven days a week, he was not denied his right to exercise. After Love completed his library duties, he was free to exercise from one to two hours a day, seven days a week. Since he worked in a segregated area of the prison, Love's exercise was permissibly restricted. Security requirements properly limited Love's freedom of movement during his work hours. See Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865 (4th Cir.1975) (en banc) (inadequate exercise claim requires evaluation of deprivation, duration of deprivation, and reasonable limits of prison supervision).
 
 
 3
 A review of the record shows that there was substantial evidence to support the jury verdict for the defendants on Love's claim of deliberate indifference to his serious medical need of a special bland diet. See Vodrey v. Golden, 864 F.2d 28, 30 n. 4 (4th Cir.1988). As to each of Love's inadequate diet claims, the affidavits of the defendants and the submitted dietary records show that Love received a diet appropriate to his health status and that each time he complained of gastrointestinal problems he was seen by a health care professional and that he received treatment when necessary.
 
 
 4
 Love has failed to establish that the defendants were deliberately indifferent to a serious medical need of his. See Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). Love's diet was not so "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.3d 848, 851 (4th Cir.1990). Love's claim, which lacks any exceptional circumstances, does not rise to the necessary constitutional level under Sec. 1983 just because he did not agree with his physicians over his treatment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985). Moreover, because he has suffered no apparent injury, the occasional lapse in his diet does not create a violation of his eighth amendment rights. Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).
 
 
 5
 Accordingly, finding no merit to this appeal, we affirm the district court's opinion. We deny Love's motions for appointment of counsel and for trial transcript, pre-trial orders and trial records. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.